UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALISA HOOPER TURNER,

    Plaintiff,

  v.

RICK HILL, et al.,

    Defendants.

No. 2:14-cv-1182-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis (IFP).

Plaintiff's IFP application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint (ECF No. 4) pursuant to § 1915A and finds that it must be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim, for lack of jurisdiction, and for suing a defendant who is immune from suit. Plaintiff alleges that the Los Angeles County Superior Court denied her request for transcripts from criminal proceedings that resulted in a conviction of violating California Penal Code § 136.1. She states that she wants to "prove [her] innocence." The listed defendants include: Warden Rick Hill, Counselor Gums, Associate Warden Harrington, and Judge LaForteza of the Los Angeles County Superior Court. She does not identify any claims entitling her to relief, or link any defendant to any violation of her federal rights. She does, however, request that "this case . . . be investigated," that she be "retried," or that she be "immediate[ly] release[d] due to [her] false imprisonment."

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, plaintiff's action sounds in habeas because her requested relief challenges the fact that she is confined to prison.

Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). It is implicit from plaintiff's allegations that her conviction still stands. Yet in this action, plaintiff requests a new trial or an immediate release from prison. By

2

the terms of *Heck*, plaintiff is barred from collaterally challenging this underlying criminal conviction in this civil rights action.

Plaintiff also fails to plead facts sufficient to state a cognizable claim for relief. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Here, plaintiff does not identify any violation of a federal constitutional or statutory right. Nor does she link any of the named defendants to a deprivation of any right.

In addition, this court lacks jurisdiction to direct the Los Angeles County Superior Court to provide her with transcripts from her criminal proceedings. *See Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); *In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (federal court may not order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition). Thus, plaintiff may not proceed with this action to achieve such relief.

Moreover, plaintiff may not sue Judge LaForteza based upon his rulings in plaintiff's criminal proceedings, as judges are entitled to absolute immunity. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

For these reasons, plaintiff's complaint must be dismissed.

The court finds that granting plaintiff leave to amend in this action would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105

(9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed without leave to amend, and the Clerk of the Court shall close this case.

DATED: July 28, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4